JAP:RMT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M-10-844**

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

EDGAR PAUCAR,

               Defendant.

- - - - - - - - - - - - - - - - X

<u>COMPLAINT</u>

(T. 8, U.S.C.,
§§ 1326(a) and
1326(b)(1))

EASTERN DISTRICT OF NEW YORK, SS:

      KENNETH LOPEZ, being duly sworn, deposes and states that he is a Deportation Officer with United States Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

      On or about July 2, 2010, within the Eastern District of New York, the defendant EDGAR PAUCAR, being an alien who had previously been arrested and convicted of a felony, and was thereafter excluded and removed from the United States, and who had not made a re-application for admission to the United States to which the Secretary of the Department of Homeland Security, successor to the Attorney General of the United States, had expressly consented, was found in the United States.

      (Title 8, United States Code, Section 1326(b)(1)).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Deportation Officer with ICE and have been involved in the investigation of numerous cases involving the illegal re-entry of aliens. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the ICE investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. On or about July 2, 2010, the defendant EDGAR PAUCAR was arrested by the New York City Police Department ("NYPD") in Queens, New York for Patronizing a Prostitute in the Third Degree, in violation of Section 230.04 of the New York Penal Law, a Class A Misdemeanor.

3. Subsequent to that arrest, the NYPD ran a criminal history report and found that the defendant EDGAR PAUCAR a citizen of Ecuador, had been previously removed from the United States on or about December 16, 2005 pursuant to an Order of Removal dated November 8, 2005.

4. The NYPD notified ICE, and ICE officials determined that on or about July 24, 2000, the defendant EDGAR PAUCAR had

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all of the relevant facts and circumstances of which I am aware.

2

been convicted of Reckless Endangerment in the First Degree, in violation of Section 120.25 of the New York Penal Law, a felony offense.

5. An ICE official with fingerprint analysis training compared the fingerprints taken in connection with the defendant's July 2, 2010 arrest; the fingerprints taken in connection with the defendant's December 16, 2005 removal; and the fingerprints taken in connection with the defendant's July 24, 2000 conviction, and determined that all three sets of fingerprints were made by the same individual.

6. A search of ICE records has revealed that there exists no request by the defendant for permission from either the United States Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States after removal.

WHEREFORE, your deponent respectfully requests that the defendant EDGAR PAUCAR be dealt with according to law.

_____
KENNETH LOPEZ
Deportation Officer
United States Immigration
and Customs Enforcement

Sworn to before me this
22nd day of July, 2010

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

4